**IN THE COURT OF APPEALS OF IOWA**

No. 17-0201
Filed May 3, 2017

**IN THE INTEREST OF J.R.,**
**Minor Child,**

**J.R., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Clinton County, Phillip J. Tabor, District Associate Judge.

A father appeals from the order terminating his parental rights. **AFFIRMED.**

Matthew D. Hatch of Hatch Law Firm, P.C., Bettendorf, for appellant father.

Thomas J. Miller, Attorney General, and Gretchen W. Kraemer, Assistant Attorney General, for appellee State.

Marsha J. Arnold, Davenport, for minor child.

Considered by Danilson, C.J., and Potterfield and Bower, JJ. Tabor, J., takes no part.

**BOWER, Judge.**

A father appeals a juvenile court order terminating his parental rights. We find there is sufficient evidence in the record to support the termination and termination is in the child's best interests. We affirm the decision of the juvenile court.

## I.    Background Facts & Proceedings

J.R., father, and E.B., mother, are the parents of J.R., who was born in 2013. Both parents have a history of substance abuse. The child was voluntarily removed from the mother's care in August 2015 after he was injured by the mother to the extent he required three surgeries.[1] The mother admitted slamming the child into a table, which caused injury to his intestines. The child developed gangrene and a portion of his intestines was removed. A hair test of the child was positive for marijuana; a hair test of another child in the household was positive for methamphetamine. The father was in prison at this time, but shortly thereafter was released on parole.

On January 14, 2016, the juvenile court adjudicated the child as being in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(b), (c), (g), (n), and (o) (2015). The father was sporadic in attending parenting sessions. He was not amenable to receiving suggestions on improving his parenting skills.

The father participated in supervised visits.[2] On September 14, 2016, the child's therapist wrote a letter stating visits with his parents was emotionally

---

[1]  The mother was charged with child endangerment. That case was still pending at the time of the termination hearing.
[2]  The father did not participate in visitation for a period of time while he was in jail on a charge of domestic abuse assault. The charge was later dismissed.

damaging to the child and caused behavioral problems. The therapist stated the child's "behaviors can be attributed to his visits with his parents as well as past emotional trauma caused by his parents. At this time, I am recommending to cease any visits between [the child] and his biological parents."

The father had a history of mental health problems and had previously been diagnosed with bipolar disorder. He had a new psychological evaluation in December 2016 and was diagnosed with attention deficit disorder, intermittent explosive disorder, and antisocial personality disorder. The report noted the father "evidences numerous discrete episodes of failure to resist aggressive impulses which have resulted in serious assaultive acts and destruction of property." He met with a therapist for anger management but continued to engage in angry outbursts.

The State filed a petition for termination of the parents' rights on September 19, 2016. After a hearing, the juvenile court terminated the father's rights under section 232.116(1)(d), (e), and (h).[3] The court stated:

> His actions and testimony in court indicate that he continues to have serious anger management issues, and he is not in a position to have this child returned to him at this time, nor from observing him in court does the Court believe he at any time soon will be in a position to have the child placed with him. The evaluations of the father both in and out of prison indicate Explosive Disorder. His demeanor on the stand and his actions testified to in recent events indicate that the Explosive Disorder continues to not be controlled by the father. The father does not agree with any of the recommendations of the professionals in this case and refuses to work on any issues as he believes he knows all there is to know about all subjects and the professionals and providers are wrong in their beliefs.

---

[3] The mother's rights were also terminated and she has not appealed.

The court concluded termination of the father's rights was in the child's best interests. The father now appeals the decision of the juvenile court.

## II. Standard of Review

The scope of review in termination cases is de novo. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Clear and convincing evidence is needed to establish the grounds for termination. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). Where there is clear and convincing evidence, there is no serious or substantial doubt about the correctness of the conclusion drawn from the evidence. *In re D.D.*, 653 N.W.2d 359, 361 (Iowa 2002). The paramount concern in termination proceedings is the best interests of the child. *In re L.L.*, 459 N.W.2d 489, 493 (Iowa 1990).

## III. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. Where the juvenile court has terminated a parent's rights on multiple grounds, "we need only find termination appropriate under one of these sections to affirm." *In re J.B.L.*, 844 N.W.2d 703, 704 (Iowa Ct. App. 2014).

We find the father's rights were properly terminated under section 232.116(1)(d), which provides:

The court finds that both of the following have occurred:
(1) The court has previously adjudicated the child to be a child in need of assistance after finding the child to have been physically or sexually abused or neglected as the result of the acts or omissions of one or both parents, or the court has previously adjudicated a child who is a member of the same family to be a child in need of assistance after such a finding.
(2) Subsequent to the child in need of assistance adjudication, the parents were offered or received services to

correct the circumstance which led to the adjudication, and the circumstance continues to exist despite the offer or receipt of services.

The phrases "physical abuse or neglect" or "abuse or neglect" mean "any nonaccidental physical injury suffered by a child as the result of the acts or omissions of the child's parent, guardian, or custodian or other person legally responsible for the child." Iowa Code § 232.2(42).

One of the grounds for the CINA adjudication in this case was section 232.2(6)(b), which applies to a child "[w]hose parent, guardian, other custodian, or other member of the household in which the child resides has physically abused or neglected the child, or is imminently likely to abuse or neglect the child." The child was severely injured by the mother and she was charged with child endangerment. We find the child was adjudicated CINA after a finding the child was physically abused as a result of the act of one of the parents, meeting the criteria for section 232.116(1)(d)(1).

The evidence also shows the father was offered services to correct the circumstances which led to the CINA adjudication, but the circumstances continued to exist despite the offer of services. The father's testimony showed he was still struggling with anger management. In addition, he was not interested in receiving suggestions on improving his parenting skills, stating he already knew everything he needed to know. We find the State presented sufficient evidence to meet the statutory requirement for section 232.116(1)(d)(2).

We conclude the juvenile court properly concluded the father's parental rights could be terminated under section 232.116(1)(d).

### IV.    Best Interests

The father claims termination of his parental rights is not in the child's best interests.  He claims he and the child have bonded and terminating his parental rights may cause damage to the child's mental and emotional health.   In considering a child's best interests, we give consideration "to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child."  *Id.* § 232.116(2); *In re P.L.,* 778 N.W.2d 33, 40 (Iowa 2010).

We find termination of the father's parental rights is in the child's best interests.  We agree with the juvenile court's finding, "The parents are unable to handle the responsibility and needs of [the child].  The father is still in the process of working through his own issues, especially his problems with anger management, and he is not in a position to meet the child's needs."

We affirm the decision of the juvenile court terminating the father's parental rights.

**AFFIRMED.**